Shippen, President.
This is an action on the case, brought upon a writing said to be a promissory note, and declared upon as such. The form of it is not the usual form of a promissory note; it runs thus; “I promise and oblige myself and my heirs to pay to January and his Assigns,” it concludes with the words “as witness my hand and seal;" and it is actually sealed. Two witnesses subscribe under the words “given in presence of us.”
On the trial, the subscribing witnesses were not called, nor any evidence given of their death, or absence; but evidence was offered of the hand writing of the Defendant, who subscribed the instrument, which was permitted to be given in evidence, on reserving the point.
In this case two questions arise; one regards the Nature of the Instrument; the other the Sufficiency of the Evidence.—
1. If the instrument is a Specialty, then it ought not to have been given in evidence, in an action of Assumpsit, on a promissory note. This general doctrine is not denied; but, it is said, it is not to be considered as a specialty, or deed, unless proof be made of its having been sealed and delivered as a deed; and that no such proof appearing, the Plaintiff had a right to consider it as a note of hand. That a deed cannot be regularly proved but by proving the sealing and delivery, there can be no doubt; as if non est factum be pleaded to a Bond, the plantiff must prove the sealing and delivery,—this proof lies upon him. But, in the present case, the proof of the execution of the instrument as a deed, is attempted to be put upon the person against whom it is produced. The plantiff produces an obligation to support an action on a Note—shall he say, against his own shewing, that unless you, the Defendant, prove this to have been sealed and delivered, it is no Obligation, and I may consider it as a Note? The Plantiff himself will not prove it, and the Defendant cannot.—The Instrument produced has the formal words of an Obligation; it binds the party and his heirs to pay to another and his assigns—The words, “as witness my Hand and Seal,” shew the intended nature of the Instrument, and it actually appears with a Seal; this denominates it a specialty. The definition of a speciality is thus given in 2 Black. Com. 465. “Debts by specialty are such whereby a sum of money becomes or is acknowledged to be due, by an instrument under seal." That this is an Instrument under *209 seal, acknowledging a debt to be due, appears by inspection. If it be objected, that this seal might be put to it by a stranger, the side who alledges that, ought to prove it, especially if it be that side who has possession of the paper.
Should this attempt succeed, all legal distinctions, between specialties and other writings, would be confounded and destroyed at the will of the person producing them; and the wife provisions of the law to guard debtors against being twice called upon for the same debt, would fall to the ground, especially in the cases of assignable instruments.
2. If this were to be considered not as a Specialty, but a Note, then the second question would arise, whether being attested by subscribing witnesses, those witnesses ought not to be produced, or some account given of them. Promissory Notes are not usually attested by subscribing witnesses, and, therefore, the ordinary mode of proving them is by witnesses to the handwriting; but if the parties will have subscribing witnesses, in what respect, and upon what grounds, can the distinction be drawn between the proof necessary in the case of notes and bonds? The rule of law as to the best evidence, which the law requires, is, that no such evidence shall be admitted which, ex natura rei, supposes still greater evidence behind in the party’s own possession, or power. This rule applies equally to the withholding the best proof of the signature of a Note, as of the sealing and delivery of a bond. If a note is not witnessed, it does not appear that any third person saw it signed, in which case, the best evidence is the handwriting of the party; but, if it be witnessed, then it appears, on the face of the note, that there is better evidence behind; and the best evidence that the nature of the case admits of, the law requires.
As no solid distinction between the case of bonds and notes can be shewn upon principle, so none appears from the authorities. Instrumental witnesses appear by the cases to be always called upon, and are equally necessary to prove those writings which are not under seal, as those that are; and the case in 2 Stra. 1149, which respects the proof of promissory notes before a jury of enquiry, is decisive.
On the whole, therefore, we are of opinion, that the law is with the Defendant upon both points, and there must be a new trial, or the Plaintiff may take a non suit at his election.